United States District Court   Southern District of Texas

| | | |
|---|---|---|
| Tina Powers, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action G-08-11 |
| | § | |
| Woodlands Religious Community, | § | |
| Inc., et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

A woman was fired for absenteeism. She says her employer fired her because of her age and because she used medical leave. The employer wins.

2. *Background.*

In January 2001, Woodlands Religious Community, Inc., hired Tina Powers – a white woman in her fifties. Her attendance was acceptable from 2001 to 2005. Between August 2005 and May 2006, Powers was chronically absent, including three months of leave taken under the Family and Medical Leave Act. In May 2006, Woodlands fired her.

Powers dismissed voluntarily her claims for discrimination on race, sex, and disability; she has proceeded on the basis of age and medical leave.

3. *Age.*

Powers was over 40 when she was hired and over 40 when she was fired. Her claim is apparently that between 2001 and 2006, Woodlands began discriminating against employees on this basis. It fails.

Many other employees were of approximately the same age. Whether some younger workers were treated better is irrelevant; some employees of her age were also treated better. Since Woodlands fired Powers, it has hired three new employees over the age of 40. No

evidence suggests discrimination against Powers based on her age.

4. *Medical Leave.*

Between August 2005 and January 11, 2006, Powers was absent 35.5 days. On January 12, she began 12 weeks of leave under the Act. On March 30, shortly before she was scheduled to return to work, Powers requested an additional three months leave. It was denied; she was told to be at work on April 7. After being back less than a month, Powers reported sick from May 2 to May 5. When she returned to work on May 8, Woodlands fired her.

The parties have stipulated to the absences; Woodlands says it fired her for that reason. Because Woodlands has furnished a legitimate reason for firing Powers, she must show that but for her leave under the Act, she would not have been fired. *Boriski v. City of College Station*, 65 F.Supp. 2d 492, 502 (S.D. Tex. 1999). She cannot.

Though she claims Woodlands fired her in retaliation for her leave under the Act, it was Woodlands that recommended she take it; it even supplied the necessary paperwork. (Exhibit 1, Affidavit of Laura Looper.) Powers argues that Woodlands retaliated against her for leave it suggested she take. Her unsupported assumptions cannot stand against a clear record.

5. *Conclusion.*

Tina Powers will take nothing from Woodlands Religious Community, Inc., doing business as Interfaith of the Woodlands.

Signed on May 29, 2008, at Houston, Texas.

Lynn N. Hughes  USDJ
United States District Judge